IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| NATHAN DARRELL NEIGHBORS | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv401 |
| PHELESEA GUY | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Nathan Darrell Neighbors, an inmate currently confined in the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Phelesea Guy with the Federal Courts in Dallas, Texas.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff's complaint, interpreted liberally, is construed to claim that defendant Guy knew of several deficiencies in the evidence against him during his criminal trial, but she participated in a conspiracy to convict him despite such knowledge.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claims arose. Plaintiff's claims appear to have arisen in Fort Worth, Texas where his trial was conducted. Fort Worth is located in Tarrant County, Texas which is in the Northern District of Texas. While plaintiff did not provide an address for the defendant, he stated she is employed with the Federal Courts in Dallas, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case appears to be Dallas County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, both Dallas County and Tarrant County are in the Northern District of Texas. Accordingly, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Northern District of Texas, Fort Worth Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 18th day of June, 2013.

_____
Zack Hawthorn
United States Magistrate Judge